995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Teresa J. ROBLETO, Plaintiff, Appellee,
v.
GUILLERMO BUCH RODRIGUEZ, et al., Defendants, Appellants.
 No. 92-2423.
 United States Court of Appeals,
First Circuit.
 June 11, 1993
 
 Appeal from the United States District Court for the District of Puerto Rico
 Ciro A. Betancourt and Eduardo A. Betancourt on brief for appellants.
 Juan A. Lopez-Conway and Calvesbert & Brown on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The district court entered a default in this debt-collection action, see Fed. R. Civ. P. 55, and thereafter held an evidentiary hearing to assess damages. By consent of the parties, a magistrate judge presided at the hearing. The magistrate made extensive findings and entered judgment accordingly. Defendants appeal.
 
 
 2
 Defendants do not challenge either the district court's jurisdiction or the entry of the default; and, moreover, they never asked the district court to vacate the final entry of default or set it aside. Thus, the only matters cognizable on appeal relate to damages. See Goldman, Antonetti, Etc. v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1993) (holding that, upon an entry of default, the well-pleaded facts contained in the complaint are considered to have been proved and the defendants' liability is deemed conclusively established); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) (similar), cert. denied, 475 U.S. 1018 (1986); see also 9A Charles A. Wright et al., Federal Practice & Procedure § 2688 (2d ed. 1983).
 
 
 3
 We have carefully reviewed the record, the magistrate's findings, and the parties' briefs in light of this basic principle. Doing so, we conclude that issues I and III represent thinly-veiled attempts to undermine the confession of liability that arises from the entry of default.[1] Since appellants, by defaulting, allowed the clock to expire and forfeited their right to contest liability, we cannot allow them to skirt the condign consequences of an entry of default by undertaking an end run after the final whistle.
 
 
 4
 Turning to appellants' evidentiary issues, we find them meritless. As to issue II, we can see no improper limitation of appellants' right of cross-examination. See, e.g., United States v. Boylan, 898 F.2d 230, 254-55 (1st Cir.) (discussing trial court's broad discretion in respect to scope of cross-examination), cert. denied, 498 U.S. 849 (1990). The magistrate's circumscription of the scope of appellants' cross-examination of Robleto could not have created cognizable unfairness because no liability issues were in contention due to the default. The truth was not open to cross-questioning but had previously been established as a matter of law.
 
 
 5
 As to issue V, we do not think the testimony concerning the check drawn to the order of Aquiles Marin violated the parol evidence rule. See, e.g., Brennan v. Carvel Corp., 929 F.2d 801, 808 (1st Cir. 1991) (holding that a court may receive extrinsic evidence to elucidate the significance, rather than vary or contradict the terms, of a written instrument). In any event, Rule 69(B) of the Puerto Rico Rules of Evidence, P.R. Laws Ann. tit. 32, App. IV (1983), upon which appellants rely, does not control in a federal court. See Ricciardi v. Children's Hosp. Medical Center, 811 F.2d 18, 21 (1st Cir. 1987) ("In general, the Federal Rules [of Evidence] apply to all cases in the [federal] district courts, including diversity cases.").
 
 
 6
 Issues IV, VII, and IX depend on appellants' assertion that the magistrate's findings are contrary to the weight of the evidence. We disagree with this assertion. It is black letter law that, "[o]nce the entry of a default establishes the fact of damage, the trial judge, sitting without a jury in a Rule 55 proceeding, has considerable latitude in determining the amount of damages." Jones v. Winnepesaukee Realty, Inc., F.2d, (1st Cir. 1993) [No. 92-2151, slip op. at 6]. This generous standard dictates the result we must reach. In each of the instances highlighted by appellants, the record reveals an adequate foundation for the magistrate's findings.
 
 
 7
 It would serve no useful purpose to spell out our rationale in greater detail. See, e.g., DiMillo v. Sheepscot Pilots, Inc., 870 F.2d 746, 750 (1st Cir. 1989) (explaining that an appellate court need not set out the facts where "[t]he parties know ... what inferences the proof permits; the magistrate canvassed matters with care and elaborated his reasoning sufficiently; and the case is so fact-specific that piecing together the evidentiary puzzle would serve no precedential purpose."). It suffices to say that we discern no hint of error, clear or otherwise. See generally id. at 750-51 (holding that, when there are two supportable views of the proof, the factfinder's choice between them cannot be clearly erroneous); Irons v. FBI, 811 F.2d 681, 684 (1st Cir. 1987) (stating that, "[w]here the conclusions of the [trier] depend on its election among conflicting facts or its choice of which competing inferences to draw from undisputed basic facts, appellate courts should defer to such factintensive findings" unless they are wholly unsupported by the record).
 
 
 8
 The foregoing exposition clears the decks, save for issue XI.[2] That issue deals with the magistrate's award of attorneys' fees to the prevailing plaintiff under P.R. Laws Ann. tit. 32, App. III, Rule 44.1(d)(1989). It is settled that, "[i]n diversity cases where Puerto Rico law supplies the rule of decision, the federal court must utilize [Rule 44.1(d) ]." De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991). The rule is triggered by a finding that a losing party "ha[s] been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Id. Here, the magistrate made just such a finding.[3] He documented it, moreover, by elucidating book and verse anent appellants' delaying tactics, frustration of discovery, and failure to pay a monetary sanction earlier imposed.
 
 
 9
 We are constrained to review this finding "in a deferential manner, using an abuse-of-discretion approach." Id. at 126-27. That ends the matter. We are satisfied that the challenged finding passes muster with flying colors: on this record, a conclusion that appellants acted obstinately and with temerity falls well within the realm of the magistrate's discretion. The award of counsel fees must, therefore, stand.[4]
 
 
 10
 We need go no further. Because this appeal presents no substantial question, we summarily affirm the judgment below. See 1st Cir. Loc. R. 27.1.
 
 
 11
 Affirmed. Double costs to appellee.
 
 
 
 [1]
 For ease in reference, we adopt appellants' numbering of the issues on appeal
 
 
 [2]
 Issues VI and VIII are not accompanied by the slightest shred of developed argumentation and are, therefore, deemed to have been waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990)
 
 
 [3]
 Indeed, the magistrate went a step further, explicitly finding that appellants litigated in bad faith. This finding, too, is supportable on the record
 
 
 [4]
 Appellants challenge only the fact of the award, not the amount awarded